CHARLES J. M. CHRISTENSEN, Appellant, *v.* NICHOLAS N. PETTER-
SON and Another, Respondents.

Second Department, December 22, 1933.

*Irving G. Kennedy,* for the appellant.

*Robert S. Erskine* and *Mortimer B. Patterson,* for the respondent
Petterson.

Order and judgment unanimously affirmed, with costs, on the
opinion of Mr. Justice TAYLOR at Trial Term.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and
CARSWELL, JJ.

The following is the opinion delivered at Trial Term:

TAYLOR, J. This case has been tried three times. On each
trial the plaintiff has obtained a verdict. Subsequent to the
first trial the justice presiding held that the verdict was against
the weight of evidence and contrary to law; and set it aside. The
justice presiding at the second trial held after the verdict that
there was no consideration for the alleged promise of the defendants

to pay to the plaintiff five per cent of the gross amount which might be received by the defendants from the General Motors Export Company under the contract originally between the defendant Miller and that corporation, for the transportation of automobiles and parts from Tarrytown by water to shipside or dockside at New York. Each of my said colleagues also determined in effect that the verdict in favor of the plaintiff was against the greater weight of the then evidence. The verdict on the second trial was set aside and a new trial granted.. The first order granting a new trial was reviewed by the Appellate Division, which affirmed the same without opinion (228 App. Div. 717). It seems to me that implied in that affirmance is or may be a finding upon the record then presented to the Appellate Division, which record is not materially different from the present one, that the said alleged promise of the defendants to the plaintiff was void for want of consideration; or that the then verdict was against the weight of the evidence. My own view, after careful study of the present record, is that when consideration is given to certain relevant conceded facts, including the conduct of the plaintiff subsequent to the said alleged promise of the defendants to pay the five per cent, it is clear that the jury's finding in the affirmative is against the greater weight of the credible evidence. Such conduct of the plaintiff included his captaincy of the defendant Petterson's steam lighter for two years on a salary and with pay for any overtime. The jury was permitted to answer a special question (Civ. Prac. Act, § 459) as to whether the contract (to pay the five per cent) pleaded in the complaint, as amended upon the trial, was actually made. The jury answered in the affirmative. I am now of opinion that such answer is legally immaterial. I decide that in any event, as a matter of law, upon the undisputed facts in the case, there was no consideration moving from the defendants to the plaintiff for such alleged promise, even if the same was made. The defendant Miller had the contract with General Motors Export Company. He lacked the facilities to carry it out, although he was obligated to perform it. He applied to Christensen, the plaintiff, asking him in effect to participate in the performance. Christensen could not do so for he likewise lacked the facilities to carry it out. Without any request from the defendant Petterson, Christensen took Miller to Petterson, who had or commanded the necessary lighterage and other facilities. Such negotiations were had between Miller and Petterson that, according to the plaintiff and Miller, but not according to Petterson, Petterson entered into partnership relations with Miller, the said General Motors Export Company's contract being the subject thereof — a contract in which the plaintiff never had

or obtained any interest. Taking plaintiff's contention at its face, both defendants then made the promise to pay to the plaintiff five per cent of the gross receipts which might be realized under the contract. That said promise was without consideration from the plaintiff to the defendants, under such circumstances, is not doubtful (1 Williston Cont. § 142; *Perkins* v. *Smith*, 83 App. Div. 630; *Hevia* v. *Wheelock*, 155 id. 387; opinion of Justice WITSCHIEF (not reported) on motion to set aside second verdict, and see *Christensen* v. *Petterson*, 228 App. Div. 717.) Nothing whatever was given by the plaintiff to the defendants in exchange for their alleged promise or in reliance upon it. In 1 Williston on Contracts (*supra*) the author says: " Consideration, by its very definition, must be given in exchange for a promise, or at least in reliance upon the promise. Accordingly, something which has been given before the promise was made and, therefore, without reference to it, cannot, properly speaking, be legal consideration, * * * and generally the doctrine that past consideration is no consideration is well recognized and universally enforced. This has been law from a very early day." In the instant case it is true that Christensen brought Miller and Miller's contract to the attention of Petterson. That circumstance furnishes no consideration for the subsequent alleged promise of the defendants. The other authorities cited are to the same effect. (See, also, *Fine* v. *Nehring Bros.*, 172 N. Y. Supp. 689, 690.)

At the close of the third trial, therefore, this case presented only a question of law related to consideration for the defendants' said promise. The answer of the jury to the special question submitted is mere surplusage. The court had a right to direct a general verdict subject to its opinion. (Civ. Prac. Act, § 461.) The court is now of opinion as stated. At the same term as duly continued the court sets aside the general verdict directed in favor of the plaintiff, and directs that judgment be entered, upon the issues, in favor of the defendants. The clerk will make an entry in his minutes accordingly. Exception to the plaintiff. Thirty days stay and sixty days to make a case.